It was argued on the other side that he ought also to produce the notice served on the present plaintiff, of his being about to take the benefit of the act. The evidence offered did not amount to a proof of notice.
It was answered that the giving of notice is a circumstance incident to the business of his discharge, and must have been proved to the justices of the peace before they proceeded. Since they have discharged him, the Court here will presume that all things preparatory to his discharge were rightly and legally transacted; and they cited Bull. Nisi. Pri., 173.
Since there is a discharge ordered by the proper officers of justice, we will presume all circumstances required by law to precede *Page 329 
the discharge to have been regularly observed; otherwise, we must presume that the justices have acted illegally, which is a presumption never entertained against the proceedings of officers of justice. If in fact they have proceeded to discharge without notice, and the creditor will show that, it will vitiate the proceedings. The presumption of omnia recte acta
lasts only until proof of the contrary appear; but we will not require the defendant to prove notice to have been given, the plaintiff not being able to show any irregularity in the proceedings.
There was a verdict for the defendant.
One other point was moved in this cause, namely, whether the defendant by a discharge under the first branch of the act was discharged as to all creditors, or as to such only who had instituted suits against him at the time of his imprisonment.